GERMAINE *v.* GERMAINE.

DIVORCE—EXTREME CRUELTY—PERSONAL VIOLENCE.

> On a bill by the wife for divorce on the ground of extreme
> cruelty, where the finding of the court below that de-
> fendant was guilty of personal violence is supported by
> the evidence, the decree for plaintiff will be affirmed,
> although the evidence also shows that both parties were
> somewhat responsible for the situation in which they
> found themselves.

Appeal from Grand Traverse; Mayne, J. Submit-
ted October 18, 1918. (Docket No. 89.) Decided April
3, 1919.

Bill by W. Ola Germaine against William D. C. Ger-
maine for a divorce. From a decree for plaintiff, de-
fendant appeals. Affirmed.

*Patchin & Duncan,* for plaintiff.

*William H. Umlor (J. J. Tweddle,* of counsel), for
defendant.

BIRD, C. J. These parties are husband and wife.
After living together for 20 years they separated in
August, 1915. Soon thereafter plaintiff filed her bill
in the Grand Traverse circuit court, charging defend-
ant with extreme cruelty and adultery. Defendant
answered, denying both charges. Before the case
came to a hearing the charge of adultery was elimi-
nated. At the hearing the parties and several of their
respective friends and relatives testified. The chan-
cellor appears to have been persuaded, upon the whole
record, that plaintiff's charge of extreme cruelty had
been established, and, accordingly, a decree was made
divorcing the parties. An order for alimony was

made in accordance with the agreement of the parties. Defendant being displeased with this result has appealed to this court.

We are impressed by the testimony that several causes have contributed to the failure of this marriage compact. The more prominent ones are:

(*a*) We infer from the record that in 1895, when defendant married plaintiff, his means were quite limited while she was taken from a well-to-do family, where she had been supplied with about everything she desired. When the burden shifted to defendant to give her a home in keeping with the one from which she had been taken, he could not carry it as it had been theretofore carried. The father-in-law was willing to, and did, contribute to such an extent that it made plaintiff very independent and left defendant less assertive than he would otherwise have been.

(*b*) They became overly friendly with near and congenial neighbors. This eventually led to trouble, as it nearly always does. They were much in each other's company. They dined together frequently and on some of these occasions indulged in too much wine. They motored, danced, sang, played cards, and occupied a cottage at a nearby lake together. After a time defendant discovered a growing fondness for his wife on the part of his neighbor. He then came to himself and withdrew from the combination, and now charges all of his troubles to these neighbors.

(*c*) The frequent indulgence by both of the parties in intoxicating liquors added materially to their increasing troubles.

(*d*) Defendant's growing suspicion of his neighbor intensified his jealousy and thereby gave rise to personal assaults on his wife. These attacks made her afraid of him and widened still further the breach between them.

·Causes *a*, *b* and *c*, one party seems to be as much responsible for as the other, and neither is entitled to much consideration for troubles growing out of them. The acts of personal violence are denied, or plausibly explained by defendant, but we think the testimony fairly establishes the fact that on several occasions he assaulted her in a vicious manner. If there is any such thing as mitigating circumstances in using personal violence on a wife, save in self defense, it is quite likely that defense is open to him.

Defendant's counsel urges that the record presents a case in which both parties are to blame for the situation in which they find themselves, and, therefore, no relief should be given to either. We feel there is much force to this argument, and were it not for the acts of personal violence shown we would probably agree with him. As to these acts there is little that can be said in defense of them. We are inclined to the opinion that the conclusion reached by the chancellor is the proper one, that the charge of extreme cruelty was established.

The decree of the trial court will be affirmed, with costs of this court to the plaintiff.

OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.